# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 19-01539-DOC (DFM) | Date: | April 4, 2019 |
|---|---|---|---|
| Title | Michael Wilson v. United States of America et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order to Show Cause**

On February 24, 2019, Michael Wilson ("Petitioner"), a state prisoner, constructively filed in this Court a document entitled "Motion: To Compell [sic] Prisoner to Testify in a Deposition under Barnett v. Norman, 782 F.3d 417 (9th Cir. 1915) Violation of Sixth Amendment to the United States Constitution Brady Violations . . . Crim Case No. BA061488." Dkt. 1. Petitioner alleges that Mark Arneson, a witness in Petitioner's criminal case, is now in federal custody and was under investigation during Petitioner's trial. See id. at 1. Petitioner alleges that the Los Angeles County District Attorney's Office suppressed this "Brady material." Id. at 2. Petitioner alleges that his first-degree murder conviction is therefore invalid. See id. at 3.

The Court has interpreted this filing as a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 7 (directing Clerk of Court to amend docket entry to reflect habeas nature of Petitioner's suit). While the Petition suffers from numerous deficiencies (e.g., it is not on the proper form and it is unclear if his claims have been exhausted in state court), for the reasons discussed below, Petitioner is ORDERED TO SHOW CAUSE in writing within 28 days of the service of this Order why the Petition should not be dismissed with prejudice as time-barred.

### I. State Court Proceedings

It is unclear from the Superior Court of California, County of Los Angeles website precisely when Petitioner's challenged conviction occurred, but it appears to have been in 1992 or 1993. See Superior Court of California, County of Los Angeles, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (search for Case No. BA061488).

Petitioner appealed in 1994, and the state appellate court affirmed his conviction in January 1996. See California Courts, Appellate Cts. Case Information, http://appellatecases.courtinfo.ca.gov (search for Case No. B082207). The California Supreme Court denied review on April 10, 1996. See id.

The Court has not found any previous federal habeas petitions filed by Petitioner, although he filed state habeas petitions in the California Court of Appeal on June 30, 1997 (Case No. B113407) and in 1999 (Case No. B137216), 2011 (Case No. B235652) and 2014 (Case No. B259739), all of which were denied.

**II.     Timeliness of the Petition**

   A.     Facial Untimeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The California Supreme Court denied Petitioner's petition for review on April 10, 1996. Petitioner does not appear to have filed a petition for writ of certiorari in the United States Supreme Court. Thus, his conviction became final 90 days later, on July 9, 1996. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner had one year from the date his judgment became final, or until July 9, 1997, to file a timely habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not file the instant action until February 2019, over twenty years too late. The Petition is thus facially untimely.

   B.     Trigger Date

From the face of the Petition, Petitioner appears to have little if any basis for contending that he is entitled to a later trigger date under 28 U.S.C. §§ 2244(d)(1)(B), (C), or (D). He does not assert that he was impeded from filing his federal petition by unconstitutional state action. See 28 U.S.C. § 2244(d)(1)(B). Nor are his claims based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See id. § 2244(d)(1)(C).

As for 28 U.S.C. § 2244(d)(1)(D), Petitioner implies that, at the time of trial, he did not know that Arneson was under investigation. Petitioner does not state when he learned of the alleged "Brady" information. However, previous filings by Petitioner reflect that he was aware of the factual predicate of his claims in at least February 2016. See Michael

Wilson v. J. Gastello et al., Case No. 16-9449, Dkt. 32 at 11 (C.D. Cal. Sept. 26, 2017) (naming Arneson as defendant in civil rights complaint and stating that he wrote to the U.S. Attorney's office on February 2, 2016 regarding Arneson's involvement); see also Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying claims, not when he realized their "legal significance"). Thus, not only has Petitioner not demonstrated that he is entitled to any later trigger date under 28 U.S.C. § 2244(d)(1), but even if he did, that date would not be later than February 2, 2016, which would not render his claims timely.

    C.    Statutory Tolling

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds from a lower state court to a higher one. See Carey v. Saffold, 536 U.S. 214, 222-23 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions, as long as that period is "reasonable." Id. Periods of up to 60 days are generally presumptively reasonable. See Evans v. Chavis, 546 U.S. 189, 201 (2006).

As previously discussed, Petitioner's limitation period likely began running on July 9, 1996. Petitioner has not submitted any evidence that he filed any state habeas petitions before his June 30, 1997 California Court of Appeal habeas petition or any habeas petitions with the California Supreme Court. Even assuming that his June 30, 1997 petition was properly filed, the California Court of Appeal denied it on July 23, 1997, and his AEDPA statute of limitations would have expired a few days later.

    D.    Equitable Tolling

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented his timely filing. Id. at 649. "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

"Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). Consequently, equitable tolling is justified in few cases. See

Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). The petitioner bears the burden of demonstrating by a preponderance of the evidence that AEDPA's limitation period should be equitably tolled. See Holt v. Frink, No. 15-01302, 2016 WL 125509, at *4 (N.D. Cal. Jan. 12, 2016) (collecting cases).

Here, Petitioner has not addressed his failure to file in a timely manner or contended that he took any action before the AEDPA limitation period expired. Thus, Petitioner fails to demonstrate that he pursued his rights diligently.

### III.     Conclusion

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of a petition, and it may summarily dismiss the petition on that or other grounds under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. See Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that within 28 days of the service of this Order, Petitioner show cause in writing why the Court should not dismiss this action with prejudice as time-barred. If Petitioner intends to rely on the equitable-tolling doctrine, he will need to include with his response to this Order to Show Cause a declaration under penalty of perjury stating facts showing that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649. He may submit any other evidence he deems appropriate to support his claim for tolling.

Petitioner is expressly warned that his failure to timely respond to this Order may result in his Petition being dismissed for the reasons stated above and for failure to prosecute.